**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**KEITH HODGES**                                                                                          **PLAINTIFF**

**V.**                         **CASE NO. 4:17-CV-00042 DPM/BD**

**RODDNEY WRIGHT, et al.**                                                                    **DEFENDANTS**

**RECOMMENDED DISPOSITION**

**I.     Procedure for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to Judge D.P. Marshall, Jr. You may file written objections to this Recommendation. If you file objections, they must be specific and must include the factual or legal basis for your objection. Your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.

If no objections are filed, Judge Marshall can adopt this Recommendation without independently reviewing the record. By not objecting, you may also waive any right to appeal questions of fact.

**II.    Discussion**

Plaintiff Keith Hodges, an inmate at the Saline County Detention Facility (SCDF), filed this lawsuit claiming that he was treated unfairly based on his race and alleging that Saline County deputies made "racially biased decisions." (Docket entry #2) Specifically, he alleged that he was not allowed to have his personal boxers and socks while "some inmates" were allowed to wear their personal clothing. (#2)

Before deciding whether to serve or dismiss the complaint, the Court identified several concerns about Mr. Hodges's allegations and afforded him a chance to file an amended complaint to address those concerns. (#3)

Mr. Hodges has now filed an amended complaint. (#11) In his amended complaint, he states that several inmates were allowed to keep their socks and boxers, "regardless of color." (#11) He later says that most white inmates could keep their socks and boxers while most black inmates could not. (#11) He further explains that, as a Native American, he "felt like [he] was bunched in with the black inmates." (#11)

The heart of an equal protection claim is that similarly situated inmates are treated differently and that this difference in treatment bears no rational relationship to any legitimate penal interest. *Weiler v. Purkett*, 137 F.3d 1047, 1051 (8th Cir.1998). To pursue this claim, a prisoner must plead facts showing that his disparate treatment was based on either a suspect classification or fundamental right. *Patel v. U.S. Bureau of Prisons*, 515 F.3d 807, 815 (8th Cir. 2008); *Weems v. Little Rock Police Dept.,* 453 F.3d 1010, 1016 (8th Cir. 2006). Further, equal protection claims require a showing of discriminatory intent or purposeful discrimination. *Washington v. Davis*, 426 U.S. 229, 239-40, 96 S.Ct. 2040 (1976).

Here, Mr. Hodges has not pleaded facts from which the Court could infer that similarly situated inmates at the SCDF received different treatment based on their race. He has included sworn statements from SCDF inmates– some black; some white. Mr.

Hodges identifies himself as Native American, but assumes he was "bunched in with the black inmates."

The inmate statements Mr. Hodges includes demonstrate that some inmates are allowed to keep boxers and shorts, and some are not.  Some are allowed to keep their boxers, but not their socks.  Some are not allowed to keep garments that are dyed a color.

One inmate denoted as "white" stated that he was not allowed to keep his socks or boxers for "about 7 to 10 days" but that "later Dep. Shelnut went and got them for me." (#11, p. 10)  Another inmate, also designated as "white," stated that he was "allowed to keep my boxers but . . . not allowed to keep my socks."  He complained that "other inmates were allowed to keep their socks."  (#11, p. 11)

An inmate designated as "black" stated that he was not able to keep his "undergarments" because his socks were "of color," but "within a week or two another [corrections officer] gave me my boxers but still not my socks even though many others were allowed both colored undergarments."  (#11, p. 16)

These statements, if true, describe a seemingly random custom based, perhaps, on who happens to be on duty in the booking area at the time an inmate or detainee is "booked in."  The color of the items seems to be a factor – sometimes.

Mr. Hodges assumes that the difference in treatment must be based on race because more white inmates than black inmates were allowed to keep their boxers and socks.  But his assumption is simply not enough to state a constitutional claim for relief.

Furthermore, Mr. Hodges has not explained what part each of the Defendants played in the conduct he complains about.

## III.   Conclusion:

The Court recommends that Mr. Hodges's claims against the Defendants be DISMISSED, without prejudice.

DATED this 14th day of February, 2017.

_____
UNITED STATES MAGISTRATE JUDGE